IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

| | |
|---|---|
| SUSAN H. ELDER<br>2939 Hodges Landing Drive<br>Knoxville, TN 37920<br>    Plaintiff,<br><br>vs.<br><br>WTNZ, LLC, d/b/a WTNZ FOX 43<br>9000 Executive Park Drive<br>Building D, Suite 300<br>Knoxville, TN 37923<br>Registered Agent for Service of Process<br>CT Corporation Systems<br>800 South Gay Street, Suite 2021<br>Knoxville, TN 37929<br>    Defendant. | NO. 3-709-12<br>(Jury Respectfully Demanded) |



## COMPLAINT

The Plaintiff, Susan Elder ("Ms. Elder"), files this civil action and sues the Defendant in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) for compensatory damages and in the amount of Seven Hundred Fifty Thousand Dollars ($750,000.00) for punitive damages. Ms. Elder sues WTNZ, LLC for illegal discrimination in employment based on age and sex, and for outrageous conduct/intentional infliction of emotional harm.

1. The jurisdiction of this Court is invoked by Ms. Elder pursuant to Tenn. Code Ann. § 4-21-311, to secure protection and redress for the deprivation of protected rights granted by the Tennessee Human Rights Act ("THRA"), as amended, providing for injunctive relief and other relief for injuries, damages and losses proximately


EXHIBIT B

resulting from gender discrimination in employment and age discrimination in employment.

2. This civil action is in part a proceeding for back pay and benefits due Ms. Elder and for injunctive relief requiring the Defendant, WTNZ, LLC, to provide re-employment to Ms. Elder or front pay in lieu of reinstatement for compensatory damages, damages for humiliation and embarrassment, prejudgment interest, reasonable attorney fees and costs, punitive damages for intentional and/or reckless unlawful conduct and for such additional damages and relief as may be necessary to effectuate the purposes of the THRA and Tennessee's Common Law.

3. Ms. Elder is a female resident of Knox County, Tennessee.

4. The Defendant is a Limited Liability Company conducting television broadcasting media business for profit in Knoxville, Knox County, Tennessee, 9000 Executive Drive, Building D, Suite 300 Knoxville, Tennessee, 37923, and may be served with process through its registered agent, registered with the Tennessee Secretary of State, CT Corporation Systems, 800 South Gay Street, Suite 2021, Knoxville, TN 37929.

5. The Defendant's operations were and are sufficient to classify it as an "employer" within the meaning of the THRA.

6. Ms. Elder was employed by the Defendant for approximately three years.

7. Ms. Elder was wrongfully constructively discharged from her job as an Account Executive with the Defendant at its business located at 9000 Executive Drive, Building D, Suite 300 Knoxville, Tennessee on January 27, 2012.

2

8. Young male Account Executives working with the Defendant were given the ability to earn substantial commissions by being given, not earning, large billing lists and other amenities that others and particularly older female Account Executives were required to earn through generating new accounts. Those same young male Account Executives were not being required to reach assigned goals on specific projects but nonetheless were being rewarded with increased billings again due to the Defendant's discriminatory policies against women and over age forty (40) women. At least one of the younger male Account Executives was given customer lists of accounts which he had not secured resulting in significantly greater commissions than older female Account Executives. The actions of the Defendant were discriminatory against women and particularly women over the age forty and were designed intentionally to unfairly favor younger male employees and discriminate against female employees and employees over the age forty.

9. During Ms. Elder's employment, she was discriminated against in the terms and conditions of her employment due to her sex and age.

10. At the time of her termination, Ms. Elder was 54 years and 11 months of age, having been born on February 21, 1957.

11. Ms. Elder fully and faithfully performed all of her job duties throughout her length of service with Defendant. Ms. Elder was and is qualified to perform all of the required duties of her job.

12. Ms. Elder was discriminated against in the terms and conditions of her employment on the basis of her age and gender in violation of the THRA.

3

13. The conduct of the Defendant was such that it caused Ms. Elder severe emotional distress, humiliation and embarrassment which was actually and proximately caused by the extreme and outrageous conduct of the Defendant and its conduct was committed with specific intent to cause emotional distress and/or with a reckless disregard of the probability of causing that distress to Ms. Elder.

14. The wrongful actions of the Defendant were intentional and/or in reckless disregard for the statutory and common law rights of Ms. Elder.

15. As a direct and proximate result of the wrongful actions of the Defendant in discriminating against Ms. Elder on the basis of her age and sex and as a result of their outrageous and intentional conduct, Ms. Elder has suffered both financially and emotionally. In particular, Ms. Elder lost and will continue to lose salary, employment opportunities and advancement and various other employee benefits that she would have earned had she been allowed to continue her employment with the Defendant. In addition to the actual losses Ms. Elder has sustained, she has suffered great and severe mental anguish and distress resulting from the outrageous and intentional conduct of the Defendant and from the embarrassment and humiliation which she foreseeably experienced because of the Defendant's illegal actions.

**WHEREFORE**, Ms. Elder, the Plaintiff, respectfully requests of the Court as follows:

A. That the Court issue and serve process on the Defendants and require them to Answer within the time prescribed by law.

B. That the Court, upon hearing of this civil action, determine that the Plaintiff should be awarded a judgment for damages for lost wages and the value of all

4

employment benefits, which she has lost as a result of the Defendants' discriminatory actions.

C. That the Court issue an injunction requiring the Defendant, to re-employ Ms. Elder at her former position or an equivalent job with all employment rights and benefits to which she would have been entitled but for her illegal constructive discharge and in the absence of the discrimination and illegal conditions imposed upon her in her job. In the alternative, the Court is requested to provide front pay and benefits in lieu of reinstatement.

D. That the Court award Ms. Elder additional compensatory damages, including damages for humiliation and embarrassment as are allowed pursuant to the provisions of the THRA.

E. Ms. Elder should also be awarded pre-judgment interest, reasonable attorney fees and such other and further relief as the Court deems proper pursuant to the applicable common law, the THRA.

F. Ms. Elder further requests that at the appropriate time, the Court empanel a jury of twelve (12) good and true women and men to try all of the issues joined between the parties in this civil action, including in bifurcated proceedings, if legally warranted, to have the jury to determine whether punitive damages shall be imposed against the Defendants and if so in what amount.

G. That the Court also award all other such general and further relief as it deems just and allowed by law and equity.

Respectfully submitted this 28th day of December, 2012.

BURROUGHS COLLINS & NEWCOMB, PLC

By: _____
J. Steven Collins, BPR #012030
P. O. Box 551
Knoxville, TN 37901-0551
(865) 342-1040
Attorney for Plaintiff, Susan Elder

## COST BOND

We the undersigned, Burroughs Collins & Newcomb, PLC, acknowledge ourselves sureties for the costs incident to this civil action and/or for the payment of the Court's costs and litigation taxes which may be awarded in this civil action, all in accordance with Tenn. Code Ann. § 20-12-120.

BURROUGHS COLLINS & NEWCOMB, PLC

By _____
J. Steven Collins, Attorney at Law

CATHERINE F. QUIST
FILED
DEC 28 2012

6